T. M. PEARCE ET ALS. v. W. W. S. WATERS.

(Filed 24 February, 1915.)

**Trials—Issues of Fact—Appeal and Error.**

The controversy in this case was over the title to a tract of land, depending upon the location of a certain boundary line, with evidence tending to support the contention of both parties, and it is held that the issue presented exclusively a question of fact, submitted under a correct charge of the court, and no error is found on appeal.

APPEAL by defendants from *Long, J.,* at December Term, 1914, of WASHINGTON.

Civil action, tried upon these issues:

1. Were the plaintiffs, at the time of beginning this action, the owners

of the land in controversy represented on the Ange map from red 1 to red 2 and back to 1? Answer: "Yes."

2. If so, did the defendant trespass on said land? Answer: "Yes."

3. If so, what damages are plaintiffs entitled to recover? Answer: "One penny."

From the judgment rendered the defendants appealed.

*Ward & Grimes for plaintiff.*
*A. O. Gaylord, Small, MacLean, Bragaw & Rodman for defendant.*

PER CURIAM. This is an action of trespass to determine the title to a small piece of gallberry, bear-grass land, represented on the Ange official map by a small triangle between red 1 and at the circle of white G and red 2, or white D and red 5 or red 3 and back to red 1. The title of the land depends solely upon the location of one line of the John Gray Blount 9,000-acre grant, the material calls of which are as follows: "Thence north 60 west 600 poles to the highland on which the road passes and to the east of Milady Hole Swamp; thence with the highland the various courses thereof, to Moore and Jackson's corner, near the mouth of Flat Swamp, on the south side thereof."

The plaintiffs contend that the line north 60 west 600 poles runs to A on the map, although in order to run to A the polage must be extended 190 poles in order to reach the highland on which the road passes to the east of Milady Hole Swamp.

The defendants contend that the line north 60 west 600 poles stops at the end of the polage by operation of law, and that the judge should have so charged the jury to find the location to be at the end of the polage, and to run the next call of the grant along the eastern end of the islands to G.

The defendant further contends that there is evidence of a road and highland near where the polage gives out. We have examined carefully the evidence and the charge of the court, and we find that there is evidence tending to prove that there were high lands and a road, which answers the contentions of the plaintiff; and also high land and a road near where the polage gives out, which answers the contentions of the defendant. We think his Honor very properly left the question to be determined by the jury as to which high lands and road east of Milady Hole Swamp were intended to meet the description in the grant.

His Honor submitted the matter to the jury under the well settled decisions of this Court, and in a charge free from error. The matter seems to be one almost exclusively of fact, and we find nothing in the record which necessitates another trial.

No error.